[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT YWCA'S MOTION TO STRIKE (#112)
The defendant YWCA moves this count to cull various causes of action from the second count. In so moving the defendant has not asked to strike the entire second count. The court has reviewed its prior ruling on the movant's Request to Revise and finds no controlling precedent in that ruling.
The plaintiff raises the procedural barrier that a motion to strike less than a full count will not lie. The movant replies that it does where a single paragraph standing alone states an independent cause of action. The court must chart a course in these muddied waters.
When read in the light most favorable to the plaintiff the second count at least states an independent cause of action sounding in direct negligence against the movant based upon negligent supervision. It does not depend on vicarious liability imposed under the doctrine of respondeat superior. Gutierrez v.Thorne, 13 Conn. App. 493 (1988).
Paragraphs 1-11
The movant asks the court to strike these paragraphs "to the extent" they allege the theory of respondeat superior. This motion fails because it is procedurally defective. The defendant asks the court to strike a cause of action diffused over a series of paragraphs but less than an entire count and by its own admission not embodied in a single paragraph. Zavo v. Montonaro,1995 WL 41336 (Conn. Super, 1995). The merits of the movant's argument await another day. Motion denied as to paragraphs 1-11.
Paragraph 12B
When read in the light most favorable to the plaintiff this subparagraph is no more than a specific allegation of negligent supervision involving neither negligent hiring or retention. CT Page 5138 Motion denied as to paragraph 12b.
Paragraph 12A.
Paragraph 12a is more problematic in that it can be read to specifically state causes of action for negligent hiring and retention.
Insofar as negligent hiring is alleged the motion to strike is granted. Nowhere, even by inference, has the plaintiff sufficiently alleged any particular background or misconduct, that the movant knew or should have known about Mr. Abrahante from which the movant knew or should have known that he was reasonably likely to commit the alleged sexual assault. Petho v.Fuleki, 1993 WL 446795 (Conn. Super, 1993).
The movant's argument concerning a claim of damages for emotional distress connected to negligent hiring is moot. Moreover, paragraph 11 alleges as damages emotional distress caused by a sexual assault and battery independent of any negligent hiring claim.
In the absence of appellate guidance, upon the specific factual allegations of the complaint, this court cannot conclude as a matter of law that our own Supreme Court would not recognize a duty owed to the plaintiff by the movant and a breach of that duty by negligent retention of the individual defendant.
A number of other jurisdictions have recognized a cause of action for negligent retention. Foster v. Loft, Inc.,
526 N.E. 2nd 1309 (Mass.App.Ct. 1988). Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicate his unfitness and the employer fails to take further action. Id, p. 1311. The plaintiff has alleged sufficient facts to raise a claim of negligent retention.
The motion to strike is granted as to negligent hiring and is denied as to negligent retention.
Joseph A. Licari, Jr. Judge of the Superior Court